UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO HEALTH BENEFITS, LLC, | ) | CASE NO: 5:24-CV-01827 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| PRIORITY ADVISORS, LLC, et. al., | ) | |
| | ) | **(Resolves Docs. 7, 9)** |
| Defendant. | ) | |

Pending before the Court is Defendants Priority Advisors, LLC, Scott Prior and Kelly Prior's ("Defendants") motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Doc. 9. The Court notes that despite the motion's caption specifically moving to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 12(b)(1), the body of the motion makes reference to a failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Regardless of the theory, upon review, the motion is DENIED. Also pending is Plaintiff's motion for an order that Defendants respond to Plaintiff's early Rule 34 Requests. Doc. 7.  For the reasons set forth below, that motion is DENIED.

I.  FACTUAL BACKGROUND

Plaintiff is an insurance broker that "assists its customers in identifying and purchasing health insurance and Medicare products that best meet their individual needs." Doc. 1, ¶12. Defendants Scott and Kelly Prior began working for Plaintiff in 2013. Doc. 1, ¶14. As a term of their employment, the Priors both signed a Confidentiality and Non-Solicitation Agreement. Doc. 1, ¶15. On March 25, 2022, Kelly Prior left her employment

with Plaintiff and on April 8, 2022, formed Priority Advisors. Doc. 1, ¶¶22, 23. Scott Prior left his employment with Plaintiff on or around June 6, 2022. Doc. 1, ¶27.

After he left, Scott Prior asked Plaintiff to allow him to take approximately 150 customer leads and referral sources, but Plaintiff declined. Doc. 1, ¶30. Scott Prior then retained counsel and negotiated with Plaintiff to take a list of 40 customers. Doc. 1, ¶31. Thereafter, the Priors' Confidentiality and Non-Solicitation Agreement were amended to reflect this negotiation on November 14, 2022. Doc. 1, ¶16.

After the Priors' departure, Plaintiff became aware that several of its customers received letters and communication from Scott Prior concerning their Medicare plans. Doc. 1, ¶36. Plaintiff subsequently filed this suit, asserting claims arising from the alleged breach of the Agreements. Doc. 1. Specifically, Plaintiff asserts the following state law claims: Count I, breach of contract; Count II, breach of duty of good faith and loyalty; Count IV, violation of the Ohio Uniform Trade Secrets Act; Count V, tortious interference with contract; Count VI, tortious interference with business relationships; Count VII, civil conspiracy; and, Count VIII, unjust enrichment. Plaintiff asserts one federal claim: Count III, violation of the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. The matter is before this Court based upon federal question jurisdiction.

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction: Fed.R.Civ. P. 12(b)(1)

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. "When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the burden of proving

2

jurisdiction." *Cline v. United States*, 13 F. Supp. 3d 868, 870 (M.D. Tenn. 2014), (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) based upon a lack of subject matter jurisdiction is generally presented in two ways, as facial challenges or as factual challenges. *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009); 2A James W. Moore, Moore's Federal Practice ¶ 12.07 [2.-1], at 12-50 to 12-55 (2d ed. 1996).

A facial attack "questions merely the sufficiency of the pleading" alleging subject matter jurisdiction, and a court reviewing this type of attack "takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A factual attack, on the other hand, "raises a factual controversy" where a court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." Id. No presumption of truthfulness applies under a factual challenge.

### B. Failure to State a Claim: Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) permits a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In deciding a motion to dismiss under Rule 12(b)(6), the court must treat all factual allegations as true and construe the complaint in a light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

### III. DISCUSSION

Plaintiff asserts that this Court has jurisdiction over this case because the action arises under federal law; specifically, Plaintiff asserts that Defendants misappropriated its trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. §1836 ("DTSA"). Doc. 1, ¶9. Plaintiff further asserts that the Court has supplemental jurisdiction over its remaining state law claims pursuant to 28 U.S.C. §1367(a). Doc. 1, ¶10.

Defendants contend that Plaintiff's complaint "does not contain any allegations sufficient to bring this suit within the purview of the DTSA" and therefore this Court does not have subject matter jurisdiction under Rule 12(b)(1) either facially or factually. Doc. 9, p. 1, 6. The Court notes that Defendants do not make any specific argument regarding Rule 12(b)(6) despite citing to it on the first page of the motion. It appears the crux of Defendants' argument relies on Rule 12(b)(1). However, as noted below, in an abundance of caution, the Court will address the DTSA claim under both 12(b)(1) and 12(b)(6).

#### A. Defend Trade Secrets Act: 18 U.S.C. §1836

The DTSA states that "an owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or a serve used in, or intended for use in, interstate of foreign commerce." 18 U.S.C. §1836(b)(1).

The parties disagree over whether Defendants' challenge should be reviewed under Rule 12(b)(1) or Rule 12(b)(6). Under the facts of this case, however, such a distinction is one without a difference. Both a facial[1] challenge to jurisdiction pursuant

---

[1] Although Defendants state that this Court does not have jurisdiction either facially or factually, they do not "raise[] a factual controversy" where a court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist.'" *Gentek Bldg. Prods..,* 491 F.3d at 330. Accordingly, the Court does not address this summary statement.

4

to Rule 12(b)(1) and an argument that the complaint fails to state a claim pursuant to Rule 12(b)(6) require the Court to assume the allegations in the complaint as true. *Gentek Bldg. Prods*. 491 F.3d at 330. The Court concludes that the complaint sufficiently states a claim under the DTSA and therefore the Court has jurisdiction over the claim. Thus, dismissal is not warranted under either Rule 12(b)(1) or Rule 12(b)(6).

"To prevail on a claim under the DTSA, a plaintiff must show: (1) the existence of a protectable trade secret; (2) misappropriation of the trade secret by defendant; and (3) that the trade secret is related to a product or service used in interstate commerce." *Endless River Techs. LLC v. Trans Union LLC*, 2022 U.S. Dist. LEXIS 19217 *23 (N.D. Ohio, Feb. 22, 2022). Defendants assert that Plaintiff fails to establish the third prong.

Specifically, Defendants state: "Nowhere in Plaintiff's Complaint is there any allegation that Ohio Health Benefits' purported trade secret involves a service used in, or intended for use in, interstate or foreign commerce. Plaintiff's entire Complaint is devoid of any allegation that there is a nexus between a product or service of Plaintiffs that is used in or intended for use in interstate commerce." Doc. 9, p. 9. This assertion is false.

According to the complaint, Plaintiff taught Defendants the "Medicare brokerage business[.]" Doc. 1, ¶14. Plaintiff asserts that its Confidential Information and Trade Secrets include its "customer lists and data; product, marketing, and pricing data; information about prospective customers or prospective products; business plans and strategies; financial information; contracts; and information concerning referral sources[.]" Doc. 1, ¶13. Plaintiff alleges that Defendants misappropriated its Confidential Information and Trade Secrets and used it to contact customers over the age of 65 about Medicare plans. Doc. 1, ¶36. Many of these customers then informed Plaintiff that

5

Defendants would be managing their health insurance plan as the agent of record. Doc. 1, ¶38.

Most notably, the complaint asserts that:

> OHB's Confidential Information and Trade Secrets are related to goods and services used in, and intended for use in, interstate commerce, because OHB advises its customers in selecting healthcare plan options offered by Medicare and insurance companies that are located in multiple states and that provide insurance to individuals residing in multiple states.

Doc. 1, ¶70.

The Court takes judicial notice of the following description of Medicare as set forth by the U.S. Department of Health and Human Services:

> Medicare is federal health insurance for people 65 or older, and some people under 65 with certain disabilities or conditions. A federal agency called the Centers for Medicare & Medicaid Services runs Medicare. Because it's a federal program, Medicare has set standards for costs and coverage. This means a person's Medicare coverage will be the same no matter what state they live in.
>
> Medicare-related bills are paid from two trust funds held by the U.S. Treasury. Different sources (including payroll taxes and funds that Congress authorizes) fund the trust funds. People with Medicare pay part of the costs through things like monthly premiums for medical and drug coverage, deductibles and coinsurance.

https://www.hhs.gov/answers/medicare-and-medicaid/what-is-the-difference-between-medicare-medicaid/index.html (last visited September 4, 2025).

It is unclear to this Court how Defendants could argue that brokering Medicare services to clients does not relate to interstate commerce. Tellingly, Defendants do *not* make such an argument. In their reply in support, they do not respond to Plaintiff's argument pointing to Paragraph 70 which cites specifically to Medicare services as the interstate connection. Rather, they just ignore the paragraph.. The Court concludes that Plaintiff sufficiently states that the trade secrets were related to goods and services for use

6

in interstate commerce, thus satisfying the third element of a DTSA claim. Accordingly, Defendants motion to dismiss is DENIED.

## IV. PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff moved for expedited discovery, asking this Court to order Defendants to answer its early requests for production of documents. Doc. 7. To the extent Plaintiff seeks documents to defend against any challenge to jurisdiction, the request is moot based up on the Court's ruling on Defendants' motion to dismiss. To the extent Plaintiff seeks documents to support a claim for emergency, temporary, or preliminary relief as set forth in this Court's standing case management scheduling order, the Court notes that Plaintiff has not filed any such request for preliminary relief necessitating this information. Accordingly, Plaintiff's motion for expedited discovery is DENIED.

## V. CONCLUSION

Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED. Plaintiff's motion for an order that Defendants respond to Plaintiff's early Rule 34 Requests is DENIED.

IT IS SO ORDERED.


September 16, 2025  /s/ *Judge John R. Adams*
Date     JUDGE JOHN R. ADAMS
       UNITED STATES DISTRICT COURT